IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GE COMMERCIAL DISTRIBUTION ) <br> FINANCE CORPORATION, ) <br> a Delaware corporation, f/k/a ) <br> TRANSAMERICA COMMERCIAL ) <br> FINANCE CORPORATION ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CARTER BROS. MFG. CO., INC., an ) <br> Alabama corporation; and ) <br> POWERSPORTS ) <br> WORLD, LLC, an Alabama limited ) <br> liability company, ) <br> ) <br>     Defendants. ) | CASE NO. 2:10-cv-655-ID <br><br> (WO) |

**O R D E R**

This cause is presently before the Court on Plaintiff's Motion for Order to Issue Writ of Seizure of Personal Property and Temporary Restraining Order (Doc. #4) filed on July 29, 2010. For the following reasons, the Court finds that the Plaintiff's motion is due to be denied.

**I. JURISDICTION**

Plaintiff GE Commercial Distribution Finance Corporation (CDF) filed a motion seeking a temporary restraining order and a writ of seizure against the Defendants Carter Bros. Mfg. Co., Inc., and Powersports World, LLC. The Plaintiff alleges that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is

1

complete diversity of citizenship between Plaintiff and the Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs. The Plaintiff contends that venue is proper in the Middle District of Alabama under 28 U.S.C. § 1391(a) because the Defendants have their principal places of business in this district, the events giving rise to the Plaintiff's action occurred in this district, and some of the property at issue is located in this district.

## II. BACKGROUND

According to the Plaintiff's motion (Doc. #4), the affidavit of CDF Account Manager Debra Flanagan (Doc. #1-1), the supplemental affidavit of Debra Flanagan (Doc. #9), and the Plaintiff's complaint (Doc. #1), Plaintiff financed the Defendants' acquisition of certain property in return for a security interest in the Defendants' property as more specifically set out in the financing arrangements in the record. The Plaintiff alleges that the Defendants, both controlled by the same individual, defaulted on their obligations under the security agreement by failing to remit payment to Plaintiff and by selling inventory "out-of-trust." Plaintiff sought to resolve these issues out of court by notifying the Defendants of the breach and at one point entering into a forbearance agreement with Defendant Carter Bros. However, according to the Plaintiff, the Defendants continued to default on the security agreements. On July 12, 2010, a fire at Defendant Carter Bros.' warehouse destroyed some of the collateral. According to the Plaintiff, after the fire the value of the remaining collateral is insufficient to secure the amount of the debt that the Defendants owe to the Plaintiff. The Plaintiff alleges that the remaining collateral is being stored in two locations in Alabama and

one location in California.  According to the Plaintiff, the Defendants have threatened to move the secured collateral beyond the reach of the Plaintiff.  The Plaintiff also believes that the Defendants may continue to sell the property without remitting payment back to the Plaintiff.  In fact, Exhibit A of the supplemental affidavit of Debra Flanagan contains a photocopy of a purported newspaper advertisement in which Carter Bros. announces a "factory direct" sale of its inventory.  (Doc. #9, 6).

The Plaintiff filed a motion for a writ of seizure and a temporary restraining order to prevent the Defendants from selling any more of the secured collateral.  To this point the Plaintiff has proceeded without providing notice to the Defendants for fear that notice will only encourage the Defendants to dispose of the collateral.  Accordingly, the Plaintiff requests that this Court grant a writ of seizure without hearing and issue a temporary restraining order without notice to the Defendants under Federal Rule of Civil Procedure 65(b)(1).  Attached to the complaint was a Rule 65 certification from the Plaintiff's attorney certifying that no efforts have been made to give notice to the Defendants because, according to the Plaintiff's attorney, any notice would likely result in the Defendants selling, transferring, conveying, or otherwise disposing of the secured collateral.

### III. DISCUSSION

A temporary restraining order is an "extraordinary and drastic remedy[.]" *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985). The factors to be considered in determining whether a temporary restraining order should be granted are: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered

if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). To obtain a temporary restraining order without notice, the plaintiff must also show:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Ultimately, the decision to grant or deny a temporary restraining order is within the "sound discretion of the district court." *Sierra Club v. Georgia Power Co.*, 180 F.3d 1309, 1310 (11th Cir. 1999) (citing *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983)).

A motion for a temporary restraining order requires the plaintiff to clearly show irreparable harm. An injury is "'irreparable' only if it cannot be undone through monetary damages." *Cate v. Oldham*, 707 F.2d 1176, 1189 (11th Cir. 1983) (citations omitted); *Water Works and Sewer Bd. Of City of Birmingham v. Inland Lake Investments, LLC*, 31 So. 3d 686, 692 (Ala. 2009). The absence of a substantial likelihood of irreparable injury, standing alone, makes a temporary restraining order improper. *See Siegel v. LePore*, 234 F.3d 1163 (11th Cir. 2000).

The Plaintiff directs the Court to *Martin v. First Federal Sav. & Loan Ass'n*, 559 So. 2d 1075, 1079 (Ala. 1990), as support for its argument that it will be irreparably harmed

4

without a temporary restraining order. The *Martin* case involved an agreement between a mortgage lender and a mortgage service company. *Id.* at 1076. Under the agreement, the service company was to collect payments from borrowers, hold the funds in trust, take a commission, and then remit payment back to the mortgage lender on the fifteenth day of each month. *Id.* When the service company failed to properly hold the funds in trust, the lender terminated its agreement with the service company and sought a temporary restraining order and preliminary injunction to protect its interests. *Id.* at 1076-77. After an *ore tenus* hearing, the trial court granted the preliminary injunction. *Id.* at 1077-78. On appeal, the Supreme Court of Alabama held that the trial court's finding that irreparable harm would result if the preliminary injunction was not granted was not "plainly and palpably erroneous." *Id.* at 1078.

There are several reasons why *Martin* does not control the Court's decision in this case. First, this Court is not bound by decisions of the Supreme Court of Alabama with respect to the standard to be applied for a Rule 65 temporary restraining order. Second, the Supreme Court of Alabama applied a deferential standard of review to the trial court's finding of irreparable harm. As a result, the *Martin* case provides only limited persuasive support for the Plaintiff's position. Finally, under circumstances similar to the present case, a federal district court denied a motion for a temporary restraining order. *See AGCO v. Massey Tractor Co., Inc.*, 2009 WL 1010047 (S.D. Ala. April 14, 2009). In *AGCO*, the plaintiff alleged that the debtor had breached a dealership agreement and a floor plan financing arrangement by selling secured property "out-of-trust." *Id.* at * 1. The plaintiff

5

sought a temporary restraining order and preliminary injunction to prevent the disposition of the secured property. *Id.* In denying the plaintiff's motion for a temporary restraining order, the court held that the creditor's assertion that the debtor's ability to pay the debt was unknown was insufficient to establish the requisite irreparable injury element for entry of a temporary restraining order. *Id.* This Court agrees with that opinion.

In this case, the Plaintiff's showing of irreparable injury is deficient because the type of harm threatened here (i.e., the misuse, ill treatment, damage, destruction, or sale of the secured collateral) is readily compensable via an award of money damages at trial. As the Eleventh Circuit has pointed out, "'[t]he possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.'" *United States v. Jefferson County*, 720 F.2d 1511, 1520 (11th Cir. 1983) (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). In other words, "economic losses alone do not justify a preliminary injunction." *BellSouth Telecommunications, Inc. v. MCIMetro Access Transmission Services, LLC*, 425 F.3d 964, 970 (11th Cir. 2005).

Accordingly, based on the pleadings and evidence currently before the Court, the Plaintiff's motion for a temporary restraining order is due to be denied.

The Plaintiff's motion also requests a writ of seizure without a hearing. (Doc. #4). The motion incorporates a Complaint for Detinue and the Seizure of Personal Property and Temporary Restraining Order (Doc. #1) filed by the Plaintiff on the same day as the motion. (*Id.* at 4). Detinue is a state-law remedy available to recover possession of personal property

and is governed by Alabama Code § 6-6-250 *et seq.*[1] Under Rule 64 of the Federal Rules of Civil Procedure, detinue is available to the Plaintiff. *See* Fed. R. Civ. P. 64(a) ("[A]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies.").

In this case, the Plaintiff seeks to seize the property in detinue prior to judgment and without a hearing. Rule 64 of the Alabama Rules of Civil Procedure contains provisions allowing for the issuance of a writ of seizure without a hearing and is applicable to the Plaintiff's current action in detinue. Despite these Alabama provisions, a claim for pre-judgment seizure without a hearing must meet constitutional standards of due process.

In *Mitchell v. W.T. Grant Co.*, 416 U.S. 600 (1974), the Supreme Court upheld a Louisiana statute against a challenge that it failed to meet the due process requirements of the Constitution. Under the statute at issue in that case, in order to obtain a writ of attachment, the creditor was required to file an affidavit setting forth the specific facts entitling him to relief. *Id.* at 605. The creditor was also required to post a bond to compensate the debtor for any damages resulting from a wrongful attachment. *Id.* at 606. The writ of attachment could be issued only by a judge with discretion to deny the writ and the debtor was entitled to an immediate post-seizure hearing at which the creditor was

---

[1] The Court notes that Count I of the complaint invokes Alabama Code § 6-5-250, *et seq.* However, that portion of the Alabama Code deals with redemption of real property. In the light of the Plaintiff's claim for detinue, the Court presumes this reference was a clerical error and that the Plaintiff intended to refer to Alabama Code § 6-6-250, which deals with detinue.

required to prove his entitlement to the writ. *Id.* at 605-07; *see also Jones v. Preuit & Mauldin*, 822 F.2d 998, 1006 (11th Cir. 1987) (Johnson, J., dissenting). The Supreme Court found that this procedure was an adequate constitutional accommodation. *Mitchell*, 416 U.S. at 607.

In *Connecticut v. Doehr*, 501 U.S. 1 (1991), the Supreme Court tightened this standard further by holding that a Connecticut statute authorizing pre-judgment attachment of real estate without prior notice, without a hearing, and without requiring a showing of exigent circumstances did not satisfy constitutional due process requirements. *Doehr*, 501 U.S. at 16.

The Alabama procedure for pre-judgment seizure without a hearing contains various safeguards to prevent a violation of due process. *See Ex Parte Boykin*, 568 So. 2d 1243, 1245 (Ala. Civ. App. 1990) ("The Rule 64 provisions were promulgated to assure that the constitutional guarantees of due process are not violated."). Under Alabama Rule of Civil Procedure 64(b), "[w]henever any provision of law is invoked through which there is an attempt to seize property through judicial process prior to the entry of judgment," a plaintiff may apply for a pre-judgment seizure of property by filing an affidavit on personal knowledge that contains the following: (1) a description of the property, (2) a statement that the plaintiff is entitled to possession of the property and a copy of any instrument on which the entitlement is based, (3) specific facts showing that the defendant is wrongfully detaining the property and the cause of such detention, to the plaintiff's knowledge, and (4) specific facts supporting the contention that there is a risk of concealment, transfer, or other

disposition of, or damage to the property which will injure the plaintiff.

The court is then required to "examine the complaint, the application and supporting affidavit and its attachments and any further showing offered by the plaintiff in support of the plaintiff's right to the immediate possession of the property." Ala. R. Civ. P. 64(b)(2)(A). Following the preliminary examination:

> If the court . . . finds that the risk of concealment, transfer or other disposition of or damage to the property by permitting it to remain in the possession of the defendant between the filing of the action and the time of a hearing is real, then the court shall forthwith enter an order authorizing the issuance of a writ of seizure but the court shall provide in said order that the defendant is entitled, as a matter of right, to a pre-judgment hearing on the issue of dissolution of the writ if a written request for hearing is served on counsel for the plaintiff within five (5) days from the date of seizure of the property by the sheriff or other duly constituted officer. If such a request is made, the writ shall expire upon the fifteenth day from said date of seizure unless the court, after hearing, continues the order in effect.

Alabama R. Civ. P. 64(b)(2)(B). In addition, Alabama's detinue statute requires that a plaintiff post "a bond in such sum and with such surety as may be approved by the clerk." Ala. Code § 6-6-250(a).

The Court is mindful of the Plaintiff's allegations that the Defendants are actively trying to sell the collateral. However, the Court has concerns about whether Alabama's detinue statute used together with Alabama Rule of Civil Procedure 64 to seize collateral pre-judgment, without a hearing – and, in this case, without notice – complies with constitutional standards of due process. While there may be a risk that the Defendants will dispose of the collateral, in light of the Court's prior finding that the Plaintiff has not shown irreparable harm for purposes of the temporary restraining order, the Court is of the opinion that the

Plaintiff has also failed to show sufficient risk of harm to justify the pre-judgment seizure without a hearing. In this sense, the Court interprets Alabama Rule of Civil Procedure 64(b)(2)(B) to require a finding of a real risk of harm that is not capable of being remedied by an award of monetary damages. *See* Ala. R. Civ. P. 64(b)(2)(B); *see also The Boat Shack II, Inc. v. ITT Commercial Finance Corporation*, 584 So. 2d 1354, 1359 (Ala. 1991) (affirming the notion that Rule 64(b)(2)(B) is concerned with the availability of an adequate remedy). Were it not so, a plaintiff who had failed to show irreparable harm sufficient for a temporary restraining order to maintain the status quo, would be able to change the status quo and seize the property pre-judgment by simultaneously requesting a writ of seizure without hearing. A motion for a writ of seizure without a hearing must, at a minimum, meet the irreparable harm requirements for obtaining a temporary restraining order. As a result, the Plaintiff's motion for writ of seizure without hearing is due to be denied.

## IV. CONCLUSION

For the reasons above stated, it is CONSIDERED, ORDERED, and ADJUDGED as follows:

1. The Plaintiff's motion for a temporary restraining order (Doc. #4) be and the same is hereby DENIED;

2. The Plaintiff's motion for a writ of seizure without hearing (Doc. #4) be and the same is hereby DENIED; and

3. Pursuant to 28 U.S.C. § 636, this case be and the same is hereby REFERRED to the United States Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate.

Done this the 5th day of August, 2010.

                                      /s/ Ira DeMent
                                      SENIOR UNITED STATES DISTRICT JUDGE